UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:05-cr-95-T-23EAJ
       8:06-cv-2190-T-23EAJ

TOMMY LEROY ROBINSON, II
_____/

## REPORT AND RECOMMENDATION

Robinson pleaded guilty to conspiring to possess with the intent to distribute five kilograms or more of cocaine, for which offense he is serving eighty-seven months. The plea agreement (Doc. 31) contains the appeal waiver that is standard in plea agreements in this district. Robinson's "Motion Under 28 U.S.C. § 2255 to Vacate Sentence" (Doc. 1) alleges that, contrary to his specific request, defense counsel failed to file a notice of appeal.[1]

The Honorable Steven D. Merryday referred (Doc. 7) Robinson's Section 2255 motion to vacate sentence for this court to conduct an evidentiary hearing and to file a report and recommendation on Robinson's claim that trial counsel rendered ineffective assistance by not filing a notice of appeal. The Federal Public Defender was appointed (Doc. 8) to represent Robinson.

A hearing commenced on August 16, 2007, during which the United States notified Robinson that if he succeeds in vacating the judgment, the United States might

---

[1] The district court sua sponte dismissed (Doc. 4) all other claims in the motion to vacate.

construe Robinson's success as violating the plea agreement, which would then allow the United States to move to withdraw from the plea agreement. As part of the plea agreement, the United States agreed to (1) not pursue additional charges, (2) recommend a three-level downward adjustment for acceptance of responsibility, and (3) recommend a low-end guideline sentence. Robinson also benefitted from a §5K1.1 two-level downward departure at sentencing. The United States advised Robinson that if the plea agreement is invalidated, Robinson faced the prospect of a harsher sentence if found guilty because the United States might not recommend sentencing concessions. The United States cited United States v. Hare, 269 F.3d 859 (7th Cir. 2001), and United States v. Whitlow, 287 F.3d 638 (7th. Cir. 2002), to support its position.[2] The hearing was adjourned and continued at Robinson's request.

When the evidentiary hearing resumed on August 22, 2007, Robinson's counsel announced that Robinson wished to withdraw his Section 2255 motion because of the risk that the United States might succeed in invalidating the plea agreement. Counsel had advised Robinson that whether the United States could withdraw from the plea agreement was an unsettled issue in the Eleventh Circuit, and counsel opined that a "cost-benefit analysis of the situation" favored not proceeding with the motion to vacate. Transcript of Proceedings at 5-7 (Doc. 15). Based on the cited authority, counsel's concerns have merit.

---

[2] Eleventh Circuit authority supporting the United State's position is lacking, however additional recent Seventh Circuit authority exists. Nunez v. United States, 495 F.3d 544,548 (7th Cir. 2007) ("A defendant has more reason to protest if a lawyer files an appeal that jeopardizes the benefit of the bargain than to protest if the lawyer does nothing—for 'nothing' is at least harmless.").

After questioning, this court found Robinson competent and determined that Robinson understood that (1) whether the United States could invalidate the plea agreement was unknown, (2) his withdrawal of the Section 2255 motion is with prejudice, (3) by withdrawing his motion he forfeits any opportunity to appeal his sentence, and (4) the sentence he is now serving will remain unchanged. Robinson confirmed that he wished to withdraw his Section 2255 motion. Transcript of Proceedings at 15-20 (Doc. 15).

Accordingly, this court recommends that the Honorable Steven D. Merryday dismiss this action pursuant to Robinson's request to withdraw his Section 2255 motion.

ORDERED in Tampa, Florida, on November 13th, 2007.

Elizabeth A. Jenkins
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendation contained in this report within ten days from the date of service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by the district judge. See 28 U.S.C. § 636(b)(1); Rule 72, Fed. R. Civ. P.; and Local Rule 6.02.